IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GA/ATL PROPERTY MANAGEMENT LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:17-CV-3625-AT |
| v. | : | |
| | : | |
| CARLTON D. YOUNG *and* KEAMBI M. YOUNG, *and all other occupants,* | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

This matter is before the Court on Defendant Carlton Young's Motion for Reconsideration [Doc. 7] of the September 26, 2017 Order Adopting the Magistrate Judge's Final Report and Recommendation ("R&R") (Doc. 5). Defendant argues that he was not given 14 days to object to the R&R. (Motion, Doc. 7 at 1-2). After filing this Motion, Defendant filed a "Response to Order and Recommendation" in which he listed objections to the R&R. (Doc. 8). Because of the unique circumstances in this case, the Court **GRANTS** Defendant Carlton Young's Motion for Reconsideration. However, upon consideration of his objections and reconsideration of the R&R, the Court again **ADOPTS** the R&R.

This dispossessory action was filed in the Magistrate Court of Gwinnett County, Georgia.  (Doc. 1-1).  Thereafter, Defendants filed a petition for removal. (*Id.*).  In the final R&R, the Magistrate Judge found that the Court lacked subject matter jurisdiction and recommended that the case be remanded.  (R&R, Doc. 3 at 5).  "Rather than wait for potential objections to be filed, the Court review[ed] the Magistrate Judge's holding de novo in its entirety" and adopted the findings. (Order Adopting R&R, Doc. 5 at 1).  Thus, the Court remanded the case to the Magistrate Court of Gwinnett County pursuant to 28 U.S.C. § 1447(c).  (*Id.* at 2). Thereafter, Defendant Carlton Young filed the Motion for Reconsideration now pending before the court, (Doc. 7), as well as his objections to the R&R, (Doc. 8). In his Motion, Young's sole argument is that he was not given 14 days to object to the R&R.  (Doc. 7).  *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b).

"Motions for reconsideration [should] not be filed as a matter of routine practice."  L.R. 7.2E.  They "should not be used to reiterate arguments that have been made previously . . . ."  *Stephens v. Tr. for Pub. Land*, No. CIV.A. 1:05-CV-1366-, 2007 WL 3046510, at *1 (N.D. Ga. Oct. 17, 2007).  Instead, motions for reconsideration "should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent a manifest injustice." *Id.* (quoting *Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc.,* 972 F.Supp. 665, 674 (N.D.Ga.1997)).

2

Defendant argues that because the Court adopted the R&R before he filed objections, reconsideration is merited.  (Motion, Doc. 7).  Pursuant to 28 U.S.C.A. § 636(b), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  28 U.S.C. § 636(b).  If a party files objections, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*  Portions of the proposed findings and recommendations that are not objected to are reviewed for clear error.  28 U.S.C. § 636(b)(1)(A).

In the present case, instead of waiting the full 14 days, the Court reviewed the entire R&R de novo. (Order Adopting R&R, Doc. 5 at 1).  What this means is that the Court reviewed the R&R as if Defendants has made every possible objection, or as if they had objected to the whole R&R.  Defendants could not have received a more favorable standard of review of the R&R if the Court had waited the 14 Days.  The Court notes that what its Order found was that the Court was without subject matter jurisdiction to hear the case.  (Order Adopting R&R, Doc. 5 at 2).  The Court is required to address its jurisdiction at any time it appears that it cannot properly exercise jurisdiction.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).  In short, even if the Court had waited the full 14 days for objections, no objection could alter the fact that the Court is without jurisdiction to hear the case.

However, because of the unique circumstances in this particular case – i.e., the *pro se* status of Defendant Carlton Young as well as the fact that objections have already been filed – the Court **GRANTS** the Motion and briefly considers Defendant's objections.  The Court stresses that this grant is limited to the unique circumstances and posture of this case.

Defendant makes the following Objections: (1) that he has "successfully stated the claim form [sic] which grounds for Relief may be granted in this Removal action"; (2) that the Court's Order Adopting the R&R, (Doc. 5), failed "to afford the petition the constitutional right to redress and grievance" because Defendant was not given 14 days to object; and (3) that the lack opportunity to object to the R&R violated the Defendant's First Amendment rights.  (Doc. 8 at 1-2).  Given the grant of Defendant's Motion and consideration of his objections, the second and third objections are rendered moot and therefore **OVERRULED**.

As to the remaining objection, the Court's decision is unchanged.  It changes nothing whether or not Defendant has successfully stated a claim since, for the reasons pointed out in the Magistrate Judge's R&R, this Court does not have subject matter jurisdiction to hear the claim.  Defendant's first objection is therefore, **OVERRULED**.

Upon another review of the Magistrate Judge's R&R, (Doc. 3), the Court finds it to be correct in all material aspects.  Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's R&R as the opinion of this Court.  For the

reasons stated therein, the Court **REMANDS** this case to the Magistrate Court of Gwinnett County.   There being no further issues before the Court, the Clerk is **DIRECTED** to close the case.

   **IT IS SO ORDERED** this 13th day of November, 2017.

_____
Amy Totenberg
United States District Judge